NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50435 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00288-RGK-1 |
| v. | |
| JERRY ANTHONY GREGOIRE, Jr., AKA Jerry Gregoire, AKA Jerry Anthony Gregoire, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 13, 2018[**]
Pasadena, California

Before: SCHROEDER, CLIFTON, and M. SMITH, Circuit Judges.

Defendant-Appellant Jerry Anthony Gregoire, Jr., appeals the findings made

by the district court on remand. We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

As the facts and procedural history are familiar to the parties, we do not recite them here.

A prior panel of this court directed the district court on remand "to determine the extent of the pre-trial conflict between Gregoire and counsel." Specifically, the panel instructed the district court to determine whether the conflict rose to the level of "an irreconcilable conflict . . . that would have resulted in a constructive denial of counsel or actual prejudice to Gregoire."

We hold that the district court complied with these directives. First, the court held evidentiary hearings on June 13, June 30, and August 30, 2016, at which it heard testimony and admitted evidence. The court also accepted written argument from both sides. This afforded the court a sufficient basis for reaching an informed decision. *See, e.g.*, *United States v. Velazquez*, 855 F.3d 1021, 1034-35 (9th Cir. 2017); *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002).

Having conducted this inquiry, the court properly proceeded to the second step mandated by the prior panel and our circuit's precedents. The court evaluated the testimony and evidence to determine "whether the conflict between [Gregoire] and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000). Rejecting much of Gregoire's characterization of the representation as "not credible," the district court determined that the "main dispute" between

2

Gregoire and his counsel resulted from his counsel's decision not to file a frivolous motion to dismiss the indictment for lack of jurisdiction. Because this dispute did not prevent Gregoire and his counsel from otherwise being "in frequent and meaningful communication . . . during the course of the representation," the court determined that it did not rise to the magnitude of a conflict "that would have resulted in a constructive denial of counsel or actual prejudice" to Gregoire. The court reached this conclusion in compliance with this court's directives and precedents.

AFFIRMED.